UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIEL D. POPOVICH,

                Plaintiff,

    -vs-                     **No. 1:14-CV-00950 (MAT)**
                                     **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

## I. Introduction

Represented by counsel, plaintiff Daniel D. Popovich("plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner" or "defendant") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Commissioner's motion is granted and plaintiff's motion is denied.

## II. Procedural History

Plaintiff initially filed an application for DIB on October 7, 2011, and an application for SSI on October 21, 2011, alleging disability due to a heart condition, HIV infection, shingles, and

extreme fatigue. Administrative Transcript ("T.") 156-69, 199. Plaintiff's application was denied, and he requested a hearing before an administrative law judge ("ALJ"), which occurred on March 4, 2013, before ALJ David Lewandowski. T. 30-51, 74-95. On May 29, 2013, ALJ Lewandowski issued a decision in which he found plaintiff not disabled as defined in the Act. T. 15-24. The Appeals Council denied plaintiff's request for review on September 15, 2014, rendering ALJ Lewandowski's decision the final determination of the Commissioner. T. 1-5. This action followed.

**III. The ALJ's Decision**

Initially, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2014. T. 20. At step one of the five-step sequential evaluation, see 20 C.F.R. §§ 404.1520, 416.920, the ALJ found that plaintiff had not engaged in substantial gainful activity since October 1, 2011, the alleged onset date. *Id*. At step two, the ALJ found that plaintiff had the severe impairments of atrial fibrillation and HIV positive. *Id*. The ALJ further found that plaintiff's mood disorder was a non-severe impairment. *Id.* At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. T. 21.

Before proceeding to step four, the ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform less than the full range of light work as defined in 20 CFR 404.1567(b)

and 416.967(b) with the following limitations: cannot work around hazards including unprotected heights and dangerous machinery; is limited to simple instructions and tasks; is limited to simple decision-making; must work in small familiar groups; can have occasional interaction with others; and is limited to low stress jobs defined as no fast paced production work and no loud noise. T. 21-22. At step four, the ALJ found that plaintiff was unable to perform any past relevant work. T. 23. At step five, the ALJ concluded that, considering plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff can perform. T. 24. Accordingly, the ALJ found that plaintiff was not disabled.

**IV. Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

Here, plaintiff makes the following arguments in favor of his motion for judgment on the pleadings: 1) the ALJ's decision was internally inconsistent regarding plaintiff's mental health; and

2) the ALJ had a duty to solicit a treating source opinion regarding plaintiff's exertional capabilities. For the reasons discussed below, the Court finds these arguments without merit.

**A.  Assessment of Plaintiff's Mental Health**

As set forth above, in deciding plaintiff's claim, the ALJ determined at step two that plaintiff's mood disorder was a non-severe limitation. Nevertheless, the ALJ incorporated several mental health-related limitations in plaintiff's RFC, including limitations to simple tasks and decision making, working in small and familiar groups, occasional contact with others, and low stress jobs. Plaintiff argues that these findings are irreconcilably inconsistent. The Court disagrees.

Under the Act, "impairments" are "anatomical, physiological, or psychological abnormalities . . . demonstrable by medically acceptable clinical and laboratory techniques." 42 U.S.C. § 423(d)(3). An impairment is "severe" only if it "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). By contrast, "[a]n impairment will be found non-severe if the limitations are mild or moderate." *Thogode v. Colvin*, 2015 WL 5158733 at *7 (N.D.N.Y. Sept. 2, 2015). "A RFC determination must account for limitations imposed by both severe and nonsevere impairments." *Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012).

Here, the ALJ thoroughly explained his reasoning with respect to his assessment of plaintiff's mood disorder. As set forth in the ALJ's decision, the consultative psychiatric examiner found that plaintiff had mild impairments in performing complex tasks independently, making appropriate decisions, relating adequately with others, and appropriately dealing with stress. T. 20-21. The ALJ gave significant weight to this assessment and properly relied upon it in determining that plaintiff's mood disorder was non-severe, because it caused only mild limitations. The ALJ then included those mild limitations in his RFC determination, as he was required to do by law. The Court finds no inconsistency in this assessment.

*Morales v. Colvin*, 2014 WL 4829351(W.D.N.Y. Sept. 29, 2014), on which plaintiff relies, is inapposite. In *Morales*, the ALJ concluded that the record "did not support any mental limitation" and "continuously assert[ed] that Plaintiff had no limitations in either concentration or daily living due to her mental condition," yet nevertheless included a limitation to simple, routine, repetitive tasks in the RFC. *Id*. at *4-5. The Court therefore found that it could not properly assess whether the ALJ's determination was based on substantial evidence, because the ALJ made no attempt to reconcile these inconsistencies. *Id*. at *5. By contrast, in this case, the ALJ did not conclude that plaintiff had no limitations as a result of his mental health condition. To the

contrary, the ALJ acknowledged that plaintiff did have limitations, but found that the limitations were mild. In sum, the Court finds no internal inconsistency in the ALJ's determination that plaintiff's mood disorder was non-severe and resulted in only mild limitations and the inclusion of those mild limitations in the RFC finding.

B.  **Failure to Solicit Treating Source Opinion**

Plaintiff's second argument is that the ALJ was required to solicit a treating source opinion regarding plaintiff's extertional limitations. Again, the Court disagrees.

"[I]t is not *per se* error for an ALJ to make a disability determination without having sought the opinion of the claimant's treating physician." *Sanchez v. Colvin*, 2015 WL 736102 at *5 (S.D.N.Y. Feb. 20, 2015). Rather, the question for the Court is "whether, '[g]iven the specific facts of this case,' the administrative record before the ALJ as to [the plaintiff], although lacking the opinion of [the] treating physician, was sufficiently comprehensive 'to permit an informed finding by the ALJ.'" *Id*. (quoting *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 33-34 (2d Cir. 2013)).

Here, the record was sufficiently comprehensive to permit an informed finding by the ALJ, inasmuch as it contained medical records going back to May 2009 (more than two years prior to the alleged disability onset date), two consultative examination

6

reports, and two reports from State agency physicians who reviewed the evidence of record. Plaintiff has failed to identify any evidence that is missing from the record, nor has he identified a treating source whose opinion should have been requested. Although plaintiff maintains that the record is not "voluminous," there are no obvious gaps, and it appears that the relatively small size of the record is a result of plaintiff having sought only limited medical treatment, rather than any failure to develop on the part of the ALJ. *See*, *e.g.,* T. 49-50 (plaintiff's attorney acknowledged that lack of recent medical records from immunodeficiency unit and cardiology unit at the Erie County Medical Center ("ECMC") was because plaintiff had not been going); T. 267 (plaintiff acknowledged that he had never obtained any inpatient or outpatient psychiatric treatment).

Plaintiff argues that the record is incomplete because certain portions of the records received from the Erie County Medical Center are "illegible." Plaintiff specifically points to the "assessment/plan" sections of pages 292 and 294 of the Administrative Transcript, as well as the entirety of page 293. With respect to pages 292 and 294, the Court has little trouble discerning the content of the sections described as "illegible" by plaintiff. Specifically, the "assessment/plan" section of page 292 states that plaintiff has HIV, that his labs need to be checked for routine evaluation, and that the provider discussed starting meds

7

to lower inflammation; that plaintiff had shingles, which caused some recurring neurological pain from the previous episode, and that plaintiff was to continue neurontin; and that plaintiff had hyperlipidema, that the provider had "discussed at length" the associated cardiovascular risks, and that plaintiff needed to make lifestyle changes, including smoking cessation. T. 292. The "assessment/plan" section of page 294 notes test results from April and July 2011; states that plaintiff abuses tobacco and had been written a script for a Nicotrol inhaler; and states that plaintiff suffers from hyperlipidemia, that his LDL is 122, and that plaintiff would push to decrease smoking. Page 293 is somewhat more difficult to make out, though it is apparent that it is a discussion of plaintiff's eating habits, beginning with a recitation of plaintiff's typical meals and ending with a recommendation that plaintiff follow healthy eating guidelines and eat whole wheat bread. Significantly, plaintiff has identified nothing about these allegedly "illegible" three pages that in any way calls into question the ALJ's RFC determination.

It is relevant that the medical records in this case support only minor physical limitations. Plaintiff's treatment records show that his HIV was well-controlled and that he did not report being in significant pain. Moreover, the consultative internal examination performed in December 2011 showed a stable prognosis and no physical limitations. "[W]here the medical evidence shows

relatively little physical impairment, an ALJ permissibly can render a common sense judgment about functional capacity even without a [treating] physician's assessment." *Rouse v. Colvin*, 2015 WL 7431403, at *5 (W.D.N.Y. Nov. 23, 2015).

The evidence of record in this case contained no obvious gaps and was sufficient to permit the ALJ to assess plaintiff's RFC. Under these circumstances, "it was permissible for the ALJ to make an RFC determination without a treating source's opinion." *Lewis v. Colvin*, 2014 WL 6609637, at *6 (W.D.N.Y. Nov. 20, 2014).

**V. Conclusion**

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Doc. 8) is denied and the Commissioner's motion (Doc. 10) is granted. Accordingly, the complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

              **S/Michael A. Telesca**

              HON. MICHAEL A. TELESCA
              United States District Judge

Dated:  June 16, 2017
      Rochester, New York.